**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

HAZEL D. BYRD,

                 Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.

Case No. 2:18-cv-00180-KJD-CWH

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Hazel Byrd's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The court has reviewed Plaintiff's motion for reversal or to remand (ECF No. 13), filed June 4, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 14), filed July 2, 2018. Plaintiff did not file a reply.

I.     **BACKGROUND**

    1.    **Procedural History**

On May 30, 2014, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of May 14, 2014. AR[1] 169-175. Plaintiff's claim was denied initially, and on reconsideration. AR 97-100, 107, 111. A hearing was held before an Administrative Law Judge ("ALJ") on June 1, 2016. AR 37-65. On September 29, 2016, the ALJ issued a decision finding Plaintiff was not disabled. AR 37-65. The ALJ's decision became the Commissioner's

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 10).)

1   final decision when the Appeals Council denied review, on December 4, 2017.  AR 1-7.  Plaintiff,

2   on February 1, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g).  (*See*

3   Compl. (ECF No. 1).)

4          **2.     The ALJ Decision**

5          The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§

6   404.1520 and 416.920.  AR 18-20.  At step one, the ALJ found that Plaintiff had not engaged in

7   substantial gainful activity from the alleged onset date of May 14, 2014 through the date of the

8   decision.  AR 20.  At step two, the ALJ found that Plaintiff had medically determinable "severe"

9   impairments of persistent dermatitis, bilateral hearing impairment, degenerative disease of the

10  cervical spine, left knee and left foot, and obesity.  *Id.*  At step three, the ALJ found that Plaintiff

11  did not have an impairment or combination of impairments that met or medically equaled a listed

12  impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 26.  At step four, the ALJ found

13  that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR

14  404.1567(b) except: she is limited to standing or walking 4 hours in an 8 hour workday, she can

15  perform all postural activities occasionally except that she can never climb ramps, ladders, or

16  stairs; finally, she is limited to jobs which do not require fine hearing bilaterally.  She is able to

17  understand normal conversation.  AR 26-27.  The ALJ found that Plaintiff is capable of

18  performing her past relevant work as an order clerk, credit card interviewer, and appointment

19  clerk as the positions are actually and normally performed.  She could also perform work as a

20  sales representative/cable television as she performed it but not as the position was performed per

21  the dictionary of occupational titles.  This work does not require the performance of work-related

22  activities precluded by the claimant's RFC.  AR 30.  Accordingly, the ALJ concluded that

23  Plaintiff was not under a disability at any time from May 14, 2014, through the date of the

24  decision.  AR 31.

25  **II.    DISCUSSION**

26          **1.     Standard of Review**

27          Administrative decisions in social security disability benefits cases are reviewed under 42

28  U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g)

states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*  The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo.  *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.  It is incumbent on the ALJ to make specific

findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2.    Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* §

404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### 3.    Analysis

#### a. Whether the Plaintiff's mental impairments are severe

The ALJ determined that Plaintiff's anxiety related disorder and affective mood disorder do not cause more than a minimal limitation in her ability to perform basic work activities and are non-severe. AR 25. Plaintiff argues that the ALJ's determination that Plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence because new and material evidence which Plaintiff obtained after the hearing but before the ALJ rendered his decision was not considered, and because the ALJ's decision generally fails to adequately consider the record as a whole. The Commissioner responds that the ALJ properly determined

1    Plaintiff's mental impairments as nonsevere, and that the RFC properly reflects the degree of

2    limitation found in the mental function analysis.

3        It is a claimant's burden to prove that she has a severe impairment, which is an

4    impairment that significantly limits a claimant's ability to perform basic work activities for at

5    least a consecutive 12- month period. *See* 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii), 404.1521(a);

6    *Bowen*, 482 U.S. at 146 n.5.  The basic mental work activities include the ability to understand,

7    remember, and carry out simple instructions, use judgment, respond appropriately to supervision,

8    co-workers, and usual work conditions; and deal with routine changes. 20 C.F.R. §

9    404.1521(b)(3)-(6).  A diagnosis alone does not establish severity. *Verduzco v. Apfel*, 188 F.3d

10   1087, 1089 (9th Cir. 1999).

11       The Commissioner performs the special technique to evaluate mental impairments at steps

12   two and three.  20 C.F.R. § 404.1520a.  The special technique requires the ALJ to substantiate the

13   presence of a medically determinable impairment using pertinent symptoms, signs, and laboratory

14   findings, and then to rate the degree of functional limitation that results from the mental

15   impairment in four broad categories: activities of daily living; social functioning; concentration,

16   persistence, or pace; and episodes of decompensation. *Id.* § 404.1520a(b)-(c).  If the degree of

17   limitation in the first three categories is none or mild, and the claimant has no episodes of

18   decompensation of extended duration, then the claimant's mental impairment is not severe. *Id.* §

19   404.1520a(d)(1).

20       Here, the ALJ thoroughly reviewed Plaintiff's medical records regarding mental

21   depression and anxiety, AR 22-24, and then conducted the special technique to evaluate

22   Plaintiff's mental impairments.  AR 25-26.  Specifically, the ALJ explained, using the evidence in

23   the medical record, why he felt that Plaintiff had only mild limitations in activities of daily living,

24   social functioning, concentration, persistence or pace, and that she had experienced no episodes

25   of decompensation.  *Id.*  The ALJ relied, in part, on the opinions of the Disability Determination

26   Services (DDS) by Dr. Rosenshield, which Plaintiff did not challenge.  AR 25, 28, 83.  DDS Dr.

27   Kaspar reached the same unchallenged conclusion.  AR 73.  Plaintiff also did not challenge the

28

ALJ's negative assessment of her disabling symptoms.  AR 28.  Considering the record as a

whole, the ALJ properly determined that Plaintiff's mental impairments are nonsevere.[3]

### b.    Evidence submitted after the hearing

After the ALJ's hearing, but before the ALJ rendered its decision, Dr. Nwokike provided

evidence which Plaintiff argues is new and material and would change the outcome of the case.

Plaintiff was referred to a psychiatric consultation in May, 2016.  AR 1633.  Dr. Nwokike

diagnosed major depressive disorder, recurrent, moderate.  AR 1869-1870.  Because the ALJ was

not presented with this evidence, it was submitted to the Appeals Council.  AR 2.  The Appeals

Council stated that the evidence does not show a reasonable probability that it would change the

outcome of the case.  *Id.*

Federal courts "do not have jurisdiction to review a decision of the Appeals Council

denying a request for review of an ALJ's decision, because the Appeals Council decision is a

non-final agency action."  *Brewes v. Comm'r*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *see also*

*Taylor v. Comm'r*, 659 F.3d 1228, 1231 (9th Cir. 2011).  When the Appeals Council declines

review, "the ALJ's decision becomes the final decision of the Commissioner" subject to

substantial evidence review based on the record as a whole.  *See Taylor*, 659 F.3d at 1231.

Nevertheless, "when a claimant submits evidence for the first time to the Appeals Council, which

considers that evidence in denying review of the ALJ's decision, the new evidence is part of the

administrative record, which the district court must consider in determining whether the

Commissioner's decision is supported by substantial evidence."  *Brewes*, 682 F.3d at 1159-60,

1162-63 (adopting *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993)).  New evidence is

---

[3] The court notes that the consideration of the severity of Plaintiff's mental impairments is not the same analysis as that used to assess Plaintiff's RFC.  The ALJ recognized his obligation to consider Plaintiff's mental impairments, even if they were not severe, and did so.  AR 26-30.  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (if one severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis) (citing 20 C.F.R. § 404.1523).  Any error in evaluating Plaintiff's mental impairments would be harmless.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding harmless an ALJ's failure to list certain impairment at step two where the ALJ fully evaluated the impairment at step four).

1    material if it bears "directly and substantially on the matter in dispute." *Luna v. Astrue*, 623 F. 3d

2    1032, 1034 (9th Cir. 2010).

3        The court will therefore consider the new evidence.  Dr. Nwokike's report is brief and

4    conclusory.  It does not address information useful to apply the special technique to evaluate

5    mental impairments at steps two and three, that is, activities of daily living, social functioning,

6    concentration, persistence or pace, and whether there was an episode of decompensation.  The

7    recitation of the Plaintiff's history is consistent with the ALJ's summary of the medical records,

8    and so, it is not new information.  *Compare*, AR 22-24, *with* AR 1869-70.  In summary, Plaintiff

9    reports feeling depressed, irritated and frustrated, hopeless and helpless, and worried about her

10   medical conditions.  *Id.*  She denies suicidal thoughts or attempts, manic symptoms or psychosis,

11   obsessive intrusive and persistent thoughts or compulsive, ritualistic acts, hallucinations,

12   delusions, or other symptoms of psychotic process.  *Id.*   She has normal cognitive functioning.

13   *Id.*  Dr. Nwokike's course of treatment of therapy and a different medication is also consistent

14   with the previous treatment.  *Id.*  Dr. Nwokike's report does not refer to any previous medical

15   records or testing, and therefore relies upon Plaintiff's statements, which the ALJ found not

16   entirely consistent with the medical evidence and other evidence in the record.  AR 28.

17   Considering the extensive discussion by the ALJ of Plaintiff's medical records of mental

18   depression and anxiety, Dr. Nwokike's report provides nothing new regarding Plaintiff's mental

19   impairments, nor does it provide substantive information relevant to the ALJ's evaluation of

20   Plaintiff's mental impairment and his determination that the impairment is nonsevere.

21   Accordingly, the court finds that, even considering Dr. Nwokike's report, the Commissioner's

22   decision is supported by substantial evidence.

23           **c.**      **The ALJ's duty to develop the record**

24       Finally, Plaintiff argues that the record contains no evaluation from a consultative

25   psychological or psychiatric examination that the ALJ could have reviewed to properly analyze

26   Plaintiff's mental health, and the ALJ should have ordered one.

27       An individual "shall not be considered to be under a disability unless he furnishes such

28   medical and other evidence of the existence thereof as the Secretary may require."  Act §

423(d)(5)(A). Therefore, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen*, 482 U.S. 137, 146, n.5 (1987). The ALJ's duty to develop the record further "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the ALJ reviewed and analyzed numerous medical records, AR 22-24, 25-26, and had the benefit of opinions from Dr. Rosenshield and Dr. Kaspar. AR 25, 28, 73, 83. The records do not appear to be insufficient or ambiguous, and so the records were adequate for proper evaluation. The court finds that the ALJ was not required to obtain a consultative examination.

## III.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand (ECF No. 13) be denied.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 14) be granted.

## IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 28, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE